IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| AMERICAN TRAILS COMPANY, a joint venture; AMERICAN TRAILS VENTURES GROUP, LLC, a limited liability company; and DARWIN KADE CLINGER;<br><br>Plaintiffs,<br><br>v.<br><br>JEFFERY S. SIMS; ACO ENTERPRISES, INC., a corporation; AMERICAN TRAIL VENTURES, INC., a corporation; and ROBERT J. SIMS,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br><br><br>Case No. 2:09cv1113<br><br><br><br>District Judge Dee Benson<br><br>Magistrate Judge Paul M. Warner |

This matter was referred to Magistrate Judge Paul M. Warner by District Judge Dee Benson pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court are (1) American Trails Company, American Trails Ventures Group, LLC, and Darwin Kade Clinger's ("Clinger") (collectively, "Plaintiffs") motion for an order striking Jeffery S. Sims ("Jeffery"), ACO Enterprises, Inc., American Trail Ventures, Inc., and Robert J. Sims's (collectively, "Defendants") answer and entering Defendants' default;[2] and (2) Plaintiffs' motion for an order

---

[1] *See* docket no. 60.

[2] *See* docket no. 78.

requiring Defendants to maintain the status quo.[3]  The court has carefully reviewed the motions and memoranda submitted by the parties.  Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motions on the basis of the written memoranda and finds that oral argument would not be helpful or necessary.  *See* DUCivR 7-1(f).

### (1)  Plaintiffs' Motion to Strike Defendants' Pleadings

Plaintiffs move this court for an order striking Defendants' answer to Plaintiffs' second amended complaint and entering default against Defendants.  Plaintiffs argue that the record before the court "establishes that Defendants have willfully engaged in an unconscionable and fraudulent course of conduct herein designed to improperly influence the Court's decision with regard to the most basic and fundamental issues and merits of this case."[4]  Specifically, Plaintiffs assert that Defendants' denial of the allegations set forth in paragraphs 10 through 17 of the second amended complaint "notwithstanding their knowledge, as shown by the record herein, of the actual terms and conditions of the [joint venture between the parties] is inexcusable, perjurious, contemptuous, fraudulent and in egregious bad faith."[5]  Plaintiffs further contend that their version of the terms and conditions of the joint venture is "conclusively established by

---

[3] *See* docket no. 85.

[4] Docket no. 78 at 1-2.

[5] Docket no. 79 at 9.

[Jeffery's] voluntary confirmation of the same as re[f]lected by the transcript[s]" of meetings with Jeffery and personally transcribed by Clinger.[6]

In response, Defendants argue that their answer complies with rules 8 and 11 of the Federal Rules of Civil Procedure in that they merely denied the allegations set forth in paragraphs 10 through 17 based on their understanding of the facts. Defendants assert that a meeting of the minds regarding the joint venture never occurred and that they set forth their version of the facts in paragraphs 14 through 22 of their answer and counterclaim. Defendants contend that through those pleadings, they have attempted "to inform the parties and the court of their position so that subsequent discovery and proceedings could follow in an orderly fashion,"[7] rather than perpetrate a fraud on the court or obstruct justice, as alleged by Plaintiffs.

Rule 8(b) of the Federal Rules of Civil Procedure provides the rules for pleading defenses, admissions, and denials. *See* Fed. R. Civ. P. 8(b). Specifically, it states in relevant part:

> (1) In General. In responding to a pleading, a party must:
>     (A) state in short and plain terms its defenses to each claim asserted against it; and
>     (B) admit or deny the allegations asserted against it by an opposing party.
> (2) Denials—Responding to the Substance. A denial must fairly respond to the substance of the allegation.
> (3) General and Specific Denials. A party that intends in good faith to deny all the allegations of a pleading—including the jurisdictional grounds—may do so by a general denial. A party that does not intend to deny all the allegations must either specifically deny designated allegations or generally deny all except those specifically admitted.

---

[6] Docket no. 83 at 4.

[7] Docket no. 80 at 5.

*Id.* While "it is appropriate in some situations to strike a pleading for gross violation of Rule 8 . . . or when the material contained in the pleading is scandalous, immaterial or redundant," the rules "are designed to avoid basing decisions on the merits on pleading technicalities." *Tanner v. Johnston*, No. 2:11-cv-28 TS, 2001 WL 6019845, at *2 (D. Utah Dec. 2, 2011) (quotations and citations omitted).

The court cannot conclude that Defendants' answer is scandalous, immaterial, or redundant or that it warrants the extreme sanction sought by Plaintiffs. As Defendants have admitted, they probably "could have somehow parsed out a more specific answer to Paragraphs 10 through 17."[8] However, Defendants' simple denial of those paragraphs does not constitute a "fraud on the Court" nor is it a "scheme to improperly influence the Court."[9] Plaintiffs are convinced that the evidence before the court conclusively disproves Defendants' denials, and they are welcome to seek a resolution of the matter on the merits through an appropriate dispositive motion. "The Court is not persuaded, however, that the intent of the Federal Rules, and more specifically [rule 8], is to provide for speedy resolution of claims through default judgment." *Id.* at *3. Accordingly, Plaintiffs' motion to strike is **DENIED**.

---

[8] Docket no. 80 at 3.

[9] Docket no. 79 at 9.

### (2) Plaintiffs' Motion Re: the Status Quo

Plaintiffs seek an order requiring Defendants to maintain the status quo. Specifically, Plaintiffs move the court to:

> 1. Maintain the status quo with regard to the business operations ("Business Operations") they have heretofore been, are now and may hereafter be or become, engaged in related to the promotion and marketing of luggage, bags, packs, boxes, cargo containers, attachments and accessories for use with all terrain vehicles, motorcycles, snowmobiles and other sports, recreational and outdoor related equipment.
> 2. Maintain the ownership of the American Trails trademark, as presently registered in the name of American Trails Ventures, Inc.
> 3. Not take any action directed toward changing in any significant way the aforementioned Business Operations; and
> 4. Not assign, transfer, convey, encumber or damage all or any portion of said Business Operations or any of the assets, rights, or existing or prospective contractual relations related thereto.[10]

Defendants assert that Plaintiffs are, in essence, seeking a preliminary injunction similar to the one Judge Benson denied on July 22, 2010.[11] This court agrees. As such, Plaintiffs' motion for an order requiring Defendants to maintain the status quo is **DENIED**.

In summary, **IT IS HEREBY ORDERED** that:

(1) Plaintiffs' motion to strike Defendants' amended answer and counterclaim and enter default[12] is **DENIED**, and

---

[10] Docket no. 85 at 1-2.

[11] *See* docket no. 57.

[12] *See* docket no. 78.

(2) Plaintiffs' motion for an order requiring Defendants to maintain the status quo[13] is

**DENIED**.

**IT IS SO ORDERED.**

DATED this 13th day of January, 2012.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[13] *See* docket no. 85.